Per Curiam.

The accident upon which this action for personal injuries and loss of services is predicated occurred on September 26, 1953. The action was commenced on October 9, 1956 and issue was joined on December 10, 1956. Nothing further was done by the plaintiffs other than to serve a bill of particulars pursuant to an order of preclusion and to place this case on the calendar subsequent to the making of this motion. The only reason presented for the delay is the failure of the defendants’ attorneys to respond to a telephone call made on an unspecified date “ to see if a settlement could be arrived at.” This does not constitute a substantial excuse for the failure to prosecute, nor does the service and filing of a note of issue after this motion was made excuse past neglect. (Nigro v. City of New York, 3 A D 2d 987; Giovannucci v. Brooklyn & Richmond Ferry Co., 278 App. Div. 861.)
Moreover, the affidavit of merits by the female plaintiff is perfunctory; it does not adequately establish the wrong charged or other circumstances which would demonstrate merit of her claim. On a motion such as this, the plaintiff “ has a substantial burden to excuse or justify delay and to establish by evidentiary *180 facts the merits of the cause of action.” (Gallagher v. Claflington, Inc., 7 AD 2d 627, 628.)
The order denying motion to dismiss action for failure to prosecute should be unanimously reversed on the facts and in the exercise of discretion, with $10 costs and taxable disbursements to the defendants-appellants, and the motion granted, without costs.
Concur — Pette, Di Giovanna and Brown, JJ.
Order reversed, etc.