Per Curiam.

While it may be that under the circumstances of this case there was a showing of a valid excuse for the delay in prosecuting the action (cf. Zeiger v. Kew Towers, 8 A D 2d 827 [2d Dept.]), the absence of an affidavit of merits by the plaintiffs required the granting of defendant’s motion to dismiss the action for lack of prosecution (Lakowitz v. Marlin Gardens, 5 A D 2d 981; Moebus v. Tishman Co., 5 A D 2d 786; Drabik v. Valle, 8 A D 2d 705; Augenstein v. Schafran, 17 Misc 2d 179 [App. Term, 2d Dept.] ; Gallagher v. Clafington, Inc., 7 A D 2d 627) with leave, however, to the plaintiffs to move to vacate the dismissal upon proper papers (Barnett Co. v. St. Paul Fire & Marine Ins. Co., 7 A D 2d 897).
The order should be unanimously modified so as to provide that defendant’s motion to dismiss the action for lack of prosecution is granted unconditionally, with leave to the plaintiffs to move to vacate the dismissal upon proper papers, including an affidavit of merits to be furnished by the party plaintiffs; and as so modified, order affirmed, with $10 costs and taxable disbursements to the defendant.
Concur — Pette, Hart and Brown, JJ.
Order modified, etc.