Per Curiam.

The alleged inadvertence in misplacing the file does not constitute a valid excuse for the 28 months’ delay in bringing the case on for trial (Moshman v. City of New York, 3 A D 2d 822) nor does the service and filing of a note of issue after the motion was made excuse past neglect (Hardware Mut. Cas. Co. v. Rosenberg, 3 A D 2d 988; Giovannucci v. Brooklyn & Richmond Ferry Co., 278 App. Div. 861; Augenstein v. Schafran, 17 Misc 2d 179). Under the circumstances, the denial of the motion was an improvident exercise of discretion (Fast v. Meenan Oil Co., 1 A D 2d 889).
Di Giovanna and Benjamin, JJ., concur; Hart, J., dissents and votes to affirm in the following memorandum: Upon this record I can see no reason for interfering with the discretion exercised by Special Term. There is a sufficient factual demonstration to indicate the existence of a meritorious cause of action. The affidavits disclose that there were settlement negotiations following the service of a bill of particulars. Defendant concedes that an offer of settlement was made and rejected. It is apparent from all of the foregoing that plaintiffs did not intend to abandon the action. In these circumstances, and absent any showing that defendant has been prejudiced by the delay, I am of the opinion that the dismissal of the complaint is unwarranted (Wallgren v. Sucato, 11 A D 2d 801; Ostan v. 40 Realty, Inc., 11 A D 2d 710; Keller v. National Auto Renting Co., 10 A D 2d 578).
The order should be reversed, with $10 costs and taxable disbursements to defendant, and motion to dismiss for failure to prosecute granted.
Concur — Hart, Di Giovanna and Benjamin, JJ.
Order reversed, etc.